IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02165-PAB-MEH

DENNIS SLADEK,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
CITY OF COLORADO SPRINGS CITY COUNCIL,
STEPHEN BACH,
EL PASO COUNTY, COLORADO,
CITY OF FOUNTAIN, COLORADO,
TOWN OF GREEN MOUNTAIN FALLS, COLORADO,
TOWN OF MONUMENT, COLORADO,
TOWN OF WOODLAND PARK, COLORADO, and
TOWN OF PALMER LAKE, COLORADO,

    Defendants.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the City of Colorado Springs, the City of Colorado Springs Council, and Stephen Bach's (collectively, the "Colorado Springs Defendants") Unopposed Motion for Protective Order from Discovery and to Vacate Scheduling Conference and All Associated Deadlines [filed October 2, 2013; docket #27]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1C, this matter has been referred to this Court for disposition. (Docket #28.) The Court finds that oral argument would not assist the Court in its consideration of this matter. For the reasons that follow, the Court **grants** the motion.

    **I.**    **Background**

Plaintiff "seeks to open a legal recreational marijuana dispensary" in Colorado Springs.

Amended Complaint, ¶¶ 14-15 (docket #5). Plaintiff claims that the Defendants' legislation banning marijuana dispensaries violates his due process and equal protection rights, constitutes an unconstitutional restraint on trade, and is negligent. *Id*. at ¶¶ 20-34. On September 11, 2013, the Colorado Springs Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, asserting: (1) qualified immunity as to Mayor Bach, (2) governmental immunity as to the negligence claim, (3) absolute immunity as to Mayor Bach and the City of Colorado Springs Council, (4) failure to state claims as to the alleged constitutional violations, and (5) Plaintiff's lack of standing. (Docket #18). On October 3, 2013, Defendants El Paso County, City of Fountain, Town of Green Mountain Falls, Town of Monument, and the Town of Woodland Park filed a Motion to Dismiss on the same grounds as the Colorado Springs Defendants' Motion to Dismiss, except they did not raise qualified or absolute immunity defenses. (Docket #31.) The Town of Palmer Lake is the only defendant that has not filed a Motion to Dismiss; its Answer or Response to the Plaintiff's Amended Complaint is due on November 18, 2013. (Docket #25.) The Court anticipates that the Town of Palmer Lake will file a Motion to Dismiss raising similar defenses as those filed by the other Defendants. Plaintiff does not oppose the present Motion for Protective Order.

**II.     Qualified, Governmental, and Absolute Immunity**

Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *Moore v. Busby,* 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *Albright v. Rodriguez,* 51 F.3d 1531, 1534 (10th Cir.1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). The Supreme Court has emphasized the broad protection

2

qualified immunity affords, giving officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Behrens v. Pelletier,* 516 U.S. 299, 308 (1996) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)); *see also Crawford-El v. Britton,* 523 U.S. 574, 598 (1998). The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley,* 500 U.S. 226, 233, (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

In this case, the Colorado Springs Defendants have filed a Motion to Dismiss, alleging that Mayor Bach and the Colorado Springs Council are protected from Plaintiff's claims by absolute immunity, and Mayor Bach is protected by qualified immunity. Additionally, Defendants contend, in both Motions to Dismiss, that the Plaintiff's negligence claim is barred by the Colorado Governmental Immunity Act (CGIA), which states, "[i]f a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery ...." C.R.S. § 24-10-108 (2013).

The Court has broad discretion to stay proceedings as an incident to its power to control its own docket, *see Clinton v. Jones,* 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). Because the Defendants' Motions to Dismiss raise legal questions of this Court's jurisdiction over the subject matter of the dispute, the Court will grant a temporary stay of discovery pending resolutions of these questions.

**III.   Standing**

In addition to the pending immunity issues, the Defendants contend that the Plaintiff lacks standing as to all of his claims. Courts have routinely held that discovery should be stayed while the issues related to jurisdiction are being resolved. *See, e.g., Siegert,* 500 U.S. at 231-32 (1991); *Harlow,* 457 U.S. 800, 818 (1982); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992).

Standing is a threshold requirement, and without it, the Court lacks jurisdiction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009). Accordingly, a stay of discovery is also appropriate until the standing issue is resolved.

### IV.     Conclusion

For the reasons stated above, it is hereby ORDERED that the Unopposed Motion for Protective Order from Discovery and to Vacate Scheduling Conference and All Associated Deadlines [filed October 2, 2013; docket #27] is **granted**. Discovery is stayed as to all parties pending resolution of the Motions to Dismiss. The parties shall file a joint status report within ten (10) days of a ruling on their Motions to Dismiss. The October 30, 2013 Scheduling Conference is **vacated**.

Dated at Denver, Colorado, this 7th day of October, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge