IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02165-PAB-MEH

DENNIS SLADEK,

      Plaintiff,

v.

CITY OF COLORADO SPRINGS, COLORADO,
CITY OF COLORADO SPRINGS CITY COUNCIL,
STEPHEN BACH,
EL PASO COUNTY, COLORADO,
CITY OF FOUNTAIN, COLORADO,
TOWN OF GREEN MOUNTAIN FALLS, COLORADO,
TOWN OF MONUMENT, COLORADO,
TOWN OF WOODLAND PARK, COLORADO, and
TOWN OF PALMER LAKE, COLORADO,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court are (1) Colorado Springs Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) [filed September 11, 2013; docket #18], (2) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants Town of Green Mountain Falls, Town of Monument, City of Woodland Park, and City of Fountain [filed October 3, 2013; docket #31], and (3) Defendant El Paso County's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [filed October 15, 2013; docket #35] (collectively, "the motions to dismiss").  The motions to dismiss have been referred to this Court for recommendation.  (Dockets ##19, 32, 36.)

The Court set a November 29, 2013 deadline for Plaintiff Dennis Sladek to respond to the motions to dismiss. Sladek filed a "Motion for 10 Day Extension of Time to File Response to Various Motions to Dismiss" on November 27, 2013 [docket #43]. The Court denied that motion without prejudice for failure to comply with D.C. Colo. LCivR 7.1A [docket #46]. Without filing another motion for an extension of time, Sladek filed a response on December 10, 2013. Sladek filed a Motion to File Response to Motions to Dismiss Out of Time on December 18, 2013 [docket #51], which the Court denied for failure to establish excusable neglect in accordance with Fed. R. Civ. P. 6(b)(1)(B) and struck the response to the motions to dismiss.

Based upon the record herein and for the reasons that follow, the Court RECOMMENDS that Defendants' motions be **GRANTED**.[1]

## BACKGROUND

Sladek initiated this lawsuit on July 26, 2013 in El Paso County District Court [docket #1]. The City of Colorado Springs, The City of Colorado Springs Council, and Stephen Bach (the "Colorado Springs Defendants") removed the state action to federal court on August 13, 2013

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

[docket #1].  The claims arise from Sladek's opposition to ordinances that prohibit the operation of recreational marijuana dispensaries.

In the 2012 general election, Colorado voters approved Colorado Constitutional Amendment 64, an amendment that decriminalizes the growth, possession and consumption of small amounts of marijuana by individuals.  Amendment 64 also establishes a regulatory framework for the licensing of commercial marijuana cultivation and sales operations.  Colo. Const. Art. XVIII §16.  Amendment 64 provides that "[a] locality may prohibit the operation of marijuana cultivation facilities, marijuana product manufacturing facilities, marijuana testing facilities, or retail marijuana stores through the enactment of an ordinance or through an initiated or referred measure..."  Colo. Const. Art. XVIII §16(5)(f).  The Defendants passed ordinances prohibiting the operation of recreational marijuana shops.[2]

Sladek seeks to open a legal recreational marijuana dispensary.  He claims that the ordinances prohibiting the operation of recreational marijuana shops are unconstitutional, and that the Defendants have violated his constitutional rights and committed negligence.

All of the Defendants have filed motions to dismiss.  Because Palmer Lake's ordinance has been repealed, its motion raises somewhat different arguments; thus, the Court addresses that motion in a separate recommendation.  The present motions argue that Sladek's claims should be dismissed because (1) he lacks standing, (2) he fails to state claims upon which relief can be granted, (3) the Defendants are entitled to absolute legislative immunity; (4) the Colorado Governmental Immunity

---

[2] The Town of Palmer Lake repealed its ordinance on September 12, 2013.  (Docket #41-2).

3

Act (CGIA), C.R.S. § 24-10-101 *et seq.*, bars Sladek's negligence claim, and (5) Mayor Stephen Bach is entitled to qualified immunity.

## LEGAL STANDARD

### I.     Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow

4

affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002-03 (citations omitted). The present motion launches a facial attack on this Court's subject matter jurisdiction; therefore, the Court will accept the truthfulness of the Complaint's factual allegations.

## II.    Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while

5

the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim.  *Khalik*, 671 F.3d at 1191 .

### III.    Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotations and citations omitted).  Here, however, Sladek is an attorney (albeit presently suspended from practicing law) with legal training and experience.  The Court, therefore, holds Sladek to a higher standard than an untrained pro se litigant, and does not grant him the benefits of a liberal construction of his pleadings.  *See Church v. City of Cleveland*, No. 1-10-cv-1399, 2010WL48834, at *2 (N.D. Ohio, Oct. 26, 2010) (declining to grant a suspended attorney, appearing *pro se*, "the benefits of liberal construction to which an untrained *pro se* litigant is entitled").

## ANALYSIS

### I.    Standing

Defendants[3] assert that Sladek lacks standing because he failed to allege that he suffered injury in fact or particularized harm.

Standing is a threshold requirement, and without it, the Court lacks jurisdiction.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009).  To have standing, a plaintiff must have "alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal court

---

[3] For the remainder of this recommendation, "Defendants" refers to all of the Defendants except for the Town of Palmer Lake.

6

jurisdiction." *Id.* at 493 (internal quotations omitted) (emphasis in original).  "The Supreme Court's standing jurisprudence contains two strands: Article III standing, which enforces the Constitution's case-or-controversy requirement, and prudential standing, which embodies judicially self-imposed limits on the exercise of federal jurisdiction."  *The Wilderness Soc'y v. Kane Cnty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc) (internal quotations and alterations omitted).

To establish standing under Article III, the plaintiff "must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citations and internal quotation marks omitted).  The plaintiff must also show "a causal connection between the injury and the conduct complained of," and a likelihood that the injury will be "redressed by a favorable decision."  *Id.*  For prudential standing, a plaintiff must have: (1) a specific grievance as opposed to a general injury shared by a large class of citizens; (2) assert its own rights rather than those of third parties; and (3) have a complaint that falls within the zone of interest defined by the constitutional provision at issue. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464, 474-75 (1982).  The plaintiff, as the party asserting jurisdiction, bears the burden of showing that he has standing.  *Id.*; *Utah Ass'n of Counties v. Bush*, 455 F.3d 1094, 1100 (10th Cir. 2006).

Here, Sladek alleges that he seeks to open a legal recreational marijuana dispensary and that he "has found a building in Colorado Springs, Colorado to use as his marijuana dispensary." Amended Complaint at ¶15, docket #5.  Sladek has not alleged that he has obtained a business license, leased or purchased equipment or property, entered into any legal obligations, or invested any money in his proposed business venture.  Aside from locating a building, Sladek does not allege

that he has done anything to further his desire to open a marijuana dispensary.  "Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require."  *Lujan*, 504 U.S. at 564; *see also Schutz v. Thorne*, 415 F.3d 1128, 1135 (10th Cir. 2005) (concluding plaintiff challenging statute requiring out-of-state hunters to employ a guide to hunt did not suffer an injury sufficiently concrete to give him standing where he alleged "he would like to hunt in wilderness areas *in the future* without a guide," but had not applied for deer or elk licenses or established that the requirements limited his hunting options) (emphasis in original).  For the same reasons, Sladek's allegations also fail to establish a specific grievance as required for prudential standing.  *See Valley Forge,* 454 U.S. at 474-75.

Additionally, Sladek cannot establish an "invasion of a legally protected interest."  *Lujan*, 504 U.S. at 560.  Under federal law, the manufacturing and distribution of marijuana remains illegal, even in states where it has been legalized.  *See* 21 U.S.C. § 903 (providing for preemption where "there is a positive conflict between [the Controlled Substance Act] and that State law such that the two cannot consistently stand together"); *see also Gonzales v. Raich*, 545 U.S. 1, 27 (2005).  Under Colorado law, local governments may prohibit the operation of retail marijuana establishments within their communities.  Colo. Const. Art. XVIII §16(5)(f); Colo. Rev. Stat. § 12-43.4-104(3).  Thus, Sladek does not have a legally protected interest in opening a marijuana dispensary.

Based on the foregoing, the Court finds that Sladek cannot establish the first element required for either Article III or prudential standing.  Thus, the Court recommends dismissing his claims for lack of jurisdiction.

## II.    Immunity

Because the District Court may not agree with this Court's recommendation to dismiss Sladek's claims for lack of standing, I will also address Defendants' arguments that they are entitled to immunity.

### A.    Absolute Immunity

"Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity.'" *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)).  "[V]oting for an ordinance [is] quintessentially legislative." *Id*. at 55. Defendants Mayor Bach and City of Colorado Springs City Council are therefore entitled to absolute legislative immunity for Sladek's claims against them, as they were acting in their legislative capacity in voting for the challenged ordinances.  Likewise, the City and Town Defendants, acting through their local legislative bodies in enacting the challenged ordinances, are entitled to absolute immunity.

The Court therefore recommends that Plaintiff's claims be dismissed because the Defendants are entitled to absolute immunity.

### B.    Colorado Governmental Immunity Act

Under the CGIA, public entities and their employees are immune from claims which lie or could lie in tort, unless the employee's conduct was willful or wanton or where waiver of immunity has been established.  C.R.S. §§ 24-10-105-106.  Sladek has not alleged that any employee conduct was willful or wanton, and has not established a waiver of immunity.  Thus, the Court recommends that Defendants are entitled to governmental immunity for the negligence claim against them.

### C.    Qualified Immunity

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "The plaintiff must demonstrate on the facts alleged both that the defendant violated his constitutional or statutory rights, and that the right was clearly established at the time of the alleged unlawful activity." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 818 (2009)). Mayor Bach is the only individually named Defendant in this lawsuit. For the reasons explained in section II above, Sladek has not shown that any of the Defendants violated his constitutional rights. Moreover, Sladek has not alleged any specific facts with regard to Mayor Bach. Accordingly, the Court recommends that Mayor Bach is entitled to qualified immunity for the claims against him.

### III.   Failure to State a Claim pursuant to Rule 12(b)(6)

Recognizing that the District Court may disagree with this Court's recommendation to dismiss based upon standing and immunity, the Court will address the Defendants' arguments that Sladek has failed to state claims under Rule 12(b)(6).

#### A.   § 1983 Due Process Claim

To prevail on a procedural due process claim, a plaintiff must first demonstrate the existence and deprivation of a protected property interest for which the plaintiff is constitutionally entitled to an appropriate level of process. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). An individual has a property interest only if he has a "legitimate claim of entitlement" to the benefit, as opposed to a mere "abstract need or desire" or "unilateral expectation." *Id.* (quoting *Bd. of Regents of State Colls. v. Roth,* 408 U.S. 564, 577 (1972)). Such an interest is "created by independent sources such as a state or federal statute." *Carnes v. Parker,* 922 F.2d 1506, 1509 (10th

Cir. 1991).  While the underlying interest is generally created by state law, "federal constitutional law determines whether that interest rises to the level of a legitimate claim of entitlement protected by the Due Process Clause." *Town of Castle Rock v. Gonzales,* 545 U.S. 748, 757 (2005) (quotation omitted).

Neither federal nor state law create a legitimate claim of entitlement to operate a marijuana dispensary.  Although Amendment 64 grants local governments certain authority to regulate marijuana dispensaries, that authority includes prohibiting such establishments.  Local governments also have statutory authority to:

> enact ordinances or regulations governing the time, place, manner, and number of retail marijuana establishments, which may include a local licensing requirement, or may prohibit the operation of retail marijuana establishments through the enactment of an ordinance or through a referred or initiated measure.

C.R.S. § 12-43.4-104(3).  Additionally, federal law prohibits the possession, use and distribution of marijuana.  21 U.S.C. §§ 812(c), 841(a)(1).  Because Sladek cannot establish a constitutionally protected property interest to open a marijuana dispensary, his due process claim fails as a matter of law.  Accordingly, the Court recommends dismissing Sladek's first claim under Rule 12(b)(6).

**B.      § 1983 Equal Protection Claim**

To state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must show that he was treated differently from others who were similarly situated.  *Taylor v. Roswell Ind. Sch. Dist.*, 713 F. 3d 25, 53 (10th Cir. 2013).  Sladek does not allege that he was treated differently from anyone similarly situated to himself.  He does not allege that the Defendants, or the ordinances they have enacted, permit certain individuals to open marijuana dispensaries while prohibiting him

11

from doing the same.  Sladek is also required to allege discriminatory intent or purpose to show an Equal Protection Clause violation, and he has failed to do so.  *See Arlington Heights v. Metro. Hous. Dev.*, 429 U.S. 252, 265 (1977).

The Court finds that Sladek has failed to state a claim for an equal protection violation, and therefore recommends dismissing his second claim**.**

### C.    § 1983 Commerce Clause Claim

The Commerce Clause provides that "[t]he Congress shall have Power ... [t]o regulate Commerce ... among the several States." Art. I, § 8, cl. 3.  "Though phrased as a grant of regulatory power to Congress, the Clause has long been understood to have a 'negative' aspect that denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Oregon Waste Sys., Inc. v. Dep't of Env't Quality Commission*, 511 U.S. 93, 98 (1994). The first step in examining a claim under the negative Commerce Clause is to determine "whether the challenged statute regulated evenhandedly with only incidental effects on interstate commerce, or discriminates against interstate commerce either on its face or in practical effect." *Hughes v. Oklahoma*, 441 U.S. 322, 336 (1979).  For purposes of this analysis, the term "'discrimination' simply means differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Oregon Waste*, 511 U.S. at 99.

Here, the challenged ordinances apply equally to both in-state and out-of-state individuals; thus, Sladek has failed to allege discrimination against interstate commerce.  Additionally, the ordinances cannot burden interstate commerce, incidentally or otherwise**,** because federal law prohibits the sale of marijuana.  The Court finds that Sladek cannot establish that local ordinances prohibiting the same activities for in-state and out-of-state residents – activities that are illegal under

federal law - impermissibly burden interstate commerce.  Accordingly, the Court recommends dismissing Sladek's third claim.

### D.    Negligence

To prove a negligence claim, a plaintiff must show that (1) the defendant owed a legal duty to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty caused the harm resulting in the damages alleged.  *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 929 (Colo. 1997).  Sladek has not alleged any specific facts that would support these elements.  Defendants do not owe a legal duty to Sladek to permit him to open a marijuana dispensary.  Sladek has not alleged any specific damages, such as a lease commitment or business investments; a new business venture may only assert a negligence claim of lost net profits if the claim is supported by "more than mere anticipation of starting a business, such as investment of time or money."  *Gibbons v. Ludlow*, 304 P.3d 239, 247 (Colo. 2013) (quoting *Roberts v. Holland & Hart*, 857 P.2d 492, 497 (Colo. App. 1993)).  Therefore, the Court recommends dismissing his fourth claim under Rule 12(b)(6).

### E.    General Unconstitutionality

Sladek's fifth claim is titled "Unconstitutionality of law or statute."  It states that "[t]he law or statute prohibiting Plaintiff from engaging in a legal protected business is unconstitutional" and "creates a denial of due process."  Amended Complaint at ¶33-34, docket #5.  To the extent this claim is intended to raise additional and separate constitutional claims, it fails to meet the minimal pleading standard because the grounds on which plaintiff is entitled to relief are unclear.  *See* Fed. R. Civ. P. 8(a)(2)*; see also Twombly*, 550 U.S. at 570.  Accordingly, the Court recommends dismissing Sladek's fifth claim pursuant to Rule 12(b)(6).

### IV.    Leave to Amend

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is "a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line,* 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, courts typically do not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon,* 935 F.2d at 1109-10. The Court may dismiss "*sua sponte* when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id.* (quoting *McKinney v. Oklahoma,* 925 F.2d 363, 365 (10th Cir. 1991)). The Court finds it is patently obvious that amendment would be futile with respect to all of Plaintiff's claims. *See Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). Thus, the Court recommends denying Plaintiff leave to amend his pleadings.

## CONCLUSION

In sum, the Court finds that (1) Sladek lacks standing, (2) the Defendants are entitled to absolute, governmental and qualified immunity, (3) Sladek has failed to state any claims upon which relief may be granted, and (4) Sladek should not be granted leave to amend his Amended Complaint. Accordingly, the Court respectfully RECOMMENDS that (1) Colorado Springs Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) [filed September 11, 2013; docket #18], (2) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by Defendants Town of Green Mountain Falls, Town of Monument, City of Woodland Park, and City of Fountain's [filed October 3, 2013; docket #31], and (3) Defendant El Paso

14

County's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)

[filed October 15, 2013; docket #35] be **GRANTED** as set forth herein.

Respectfully submitted this 20th day of December, 2013, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge